USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DONALD BARNETSON,

                    Petitioner,

    -against                                          **Opinion and Order**
                                                      12 CR 157 (KMW)
UNITED STATES OF AMERICA,

-------------------------------------------------------------------x
KIMBA M. WOOD, District Judge:

**I.    Background**

        Petitioner Donald Barnetson ("Petitioner") was charged in Information 12 Cr. 157 (KMW)("Information"), with conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 371. On February 17, 2012, Petitioner pled guilty pursuant to a cooperation agreement. On June 25, 2013, Petitioner was sentenced by this Court to a one-year term of probation.

        On December 18, 2015, Petitioner submitted a petition for a writ of *coram nobis* ("Petition"), arguing that the factual basis for his guilty plea was insufficient under United States v. Newman, 773 F. 3d 438 (2d Cir. 2014), cert. denied, 136 S. Ct. 242 (2015). For the reasons that follow, the Court DENIES Petitioner's request.

**II.    Governing Law**

        *Coram nobis* is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which 'errors . . . of the most fundamental character' have rendered 'the proceeding itself irregular and invalid'" Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quoting United States v. Carter, 437 F.2d 444, 445 (5th Cir. 1971) (*per curiam*)). In order to

1

establish an entitlement to *coram nobis*, a petitioner must show that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (quoting Foont, 93 F.3d at 79). "The proceedings leading to the petitioner's conviction are presumed to be correct, and 'the burden rests on the accused to show otherwise.'" Foont, 93 F.3d at 78-79 (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

Because *coram nobis* is not a substitute for appeal, courts have applied the rules governing procedural defaults in the context of *habeas* petitions to *coram nobis*. See United States v. Novak, 1999 WL 357846, at *2-3 (2d Cir. 1999)(unpub). Under these rules, a petitioner can raise a claim on collateral review that was not raised on direct appeal only by showing "either [1] 'cause' and 'actual prejudice,' or [2] that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998)(citation omitted). The cause requirement parallels the requirement in *coram nobis* that "sound reasons exist for failure to seek appropriate earlier relief." Fleming, 146 F.3d at 89-90 (quoting Foont, 93 F.3d at 79).

### III. Petitioner Does Not Show Circumstances Compelling a Writ of Coram Nobis

Petitioner contends that the factual basis for his insider trading guilty plea is now insufficient under the Second Circuit's recent decision in Newman. (Petition at 3.) In Newman, the Second Circuit clarified the standard for criminal liability in an insider trading case, stating "the tipper's breach of fiduciary duty requires that he 'personally will benefit, directly or indirectly, from his disclosure'. . ." Newman, 773 F.3d at 446 (citing Dirks v. S.E.C., 463 U.S. 646, 662, 103 S. Ct. 3255, 77 L. Ed. 2d 911 (1983)). The tipper and tippee must have a

"meaningful close personal relationship that generates an exchange that is objective, consequential, and represents at least a potential gain of a pecuniary or similarly valuable nature." Id. at 452.

Petitioner states that his guilty plea does not meet this new "personal benefit requirement," because he did not specifically allocute to having received a personal benefit, and therefore his guilty plea is legally invalid. Petitioner also argues that the confidential information he received was of no personal benefit to him, and the other gifts were "*de minimis.*" (Declaration of Donald Barnetson at 2-3.)

The record on collateral review is not limited to the Petitioner's allocution, but includes materials such as the Information, the plea agreement and the Presentence Report. See Ioulevitch v. United States, 2014 WL 2158435, at *7 (S.D.N.Y. May 22, 2014)(considering the Presentence Report in denying an actual innocence claim); Colon v. United States, 2010 WL 1644260, at *7 (S.D.N.Y. Apr. 21, 2010)(considering the plea agreement in denying an actual innocence claim). Petitioner does not dispute that he received the benefits set forth in the Information – expensive meals, shipments of food and confidential information about other technology companies and industry trends. (Information ¶ 7.) Further, although Petitioner claims that these benefits were *de minimis* or of no actual personal benefit to him, these benefits satisfy the standard set forth in Newman. Expensive meals and shipments of food are benefits of pecuniary or similarly valuable nature. See United States v. Jiau, 734 F.3d 147, 153 (2d Cir. 2013)(finding meals and shipments of lobster sufficient evidence of benefit). Likewise, the confidential information Petitioner received gave him at least the potential for pecuniary gain. See Jiau, 734 F.3d at 153 (finding that an invitation to join an investment club where stock tips were discussed gave the insider the potential for pecuniary gain, and was sufficient benefit

3

evidence); see also Newman, 773 F.3d at 452-53 (affirming the sufficiency benefit evidence in Jiau).

## IV. Petitioner Does Not Show that Sound Reasoning Exists for Failure to Seek Appropriate Earlier Relief.

Petitioner argues that his petition is brought without undue delay because it was filed two months after the Supreme Court denied the government's petition for a writ of *certiorari* in Newman, and thus he satisfies the second *coram nobis* factor. (Petition at 3-4.)

Petitioner chose not to proceed to trial, in exchange for the benefits of a plea agreement, despite the fact that the "benefit requirement" was being actively litigated in this District at the time of his guilty plea. Petitioner also elected not to withdraw his plea, appeal his conviction or file a *habeas* petition, and does not show "sound reasoning" as to why he did not seek such relief. In United States v. Whitman, 2015 WL 4506507 (S.D.N.Y. July 22, 2015), the defendant's *habeas* petition was denied because a challenge to the trial court's standard jury instruction on benefit was available to the petitioner at the time of his appeal, as the petitioner himself had raised such a challenge before and during his trial. Similarly, in United States v. Gupta, 2015 WL 4036158 (S.D.N.Y. July 2, 2015), the court rejected the defendant's argument that it would have been futile to challenge the evidence of benefits received, given the state of the law before Newman. The argument that Petitioner now makes in his *coram nobis* petition was available to Petitioner at the time of his guilty plea, and was not raised on direct appeal. See United States v. George, 676 F.3d 249, 256-57 (1st Cir. 2012)("The petitioner could have challenged the legal definition of honest-services fraud. . .but waived that right by opting instead to enter into a plea bargain."); United States v. Travers, 514 F.2d 1171, 1177 (2d Cir. 1974)(Friendly, J.)(granting petition for *coram nobis*, but "limit[ing] our decision here to

4

defendants who, like Travers, had gone through the full appellate process").

The Court notes that Petitioner cannot establish actual innocence. Even if Petitioner's challenge to the validity of his guilty plea to securities fraud were successful, he does not argue that his allocution to wire fraud, the second half of the conspiracy to which he pled guilty, is not legally sufficient. Further, Petitioner does not offer evidence that he did not <u>receive</u> legally sufficient benefits in the course of his insider trading scheme, but rather simply argues that he did not specifically <u>state</u>, during his allocution, that he received a "pecuniary benefit." (Petition at 3.) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623 (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)). As stated earlier, Petitioner does not dispute that he received the benefits set forth in the Information that contained the charges against him, benefits which include expensive meals, shipments of food and confidential information about industry trends. (Information ¶ 7.) As discussed above, even if Petitioner did not explicitly confirm receiving these particular benefits during his guilty plea allocution, Petitioner acknowledged that he read and understood the Information and the Presentence Report, both of which establish a factual basis for finding that Petitioner received a legally sufficient benefit.

V. **Petitioner Does Not Show Continuing Legal Consequences That May Be Remedied by Granting Coram Nobis.**

Petitioner argues that his conviction makes it extremely difficult to obtain employment at a publicly traded company and to raise capital to start his own company, that he was denied a visa to visit China for business, that he cannot serve on a jury in California, and that he cannot possess a firearm. (Petition at 4-5.)

"A district court may enter a writ of error coram nobis. . . where 'extraordinary

circumstances are present.'" Foont, 93 F.3d at 78 (quoting Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992)). "[T]he great majority of released felons face difficulty in convincing prospective employers to overlook their criminal records when making hiring decisions. This is clearly a collateral consequence of a conviction, but it is not a legal consequence of the type specified by the Second Circuit as a prerequisite to eligibility for coram nobis relief." United States v. Foont, 901 F. Supp. 729, 734 & n. 2 (S.D.N.Y. 1995), affirmed, 93 F.3d 76 (2d Cir. 1996) (emphasis in the original). Petitioner's claimed inability to work in his preferred industry and raise capital are collateral consequences of his conviction. Petitioner's complaint that he was denied a visa to visit China is also a collateral consequence. Finally, Petitioner's argument that he cannot serve on a jury in California or possess a firearm hardly qualifies as an "extraordinary circumstance." "If loss of the right to serve on a jury constituted a civil disability for purposes of the writ, virtually all convictions would qualify and the continuing legal consequence test would be rendered superfluous." Moskowitz v. United States, 64 F. Supp. 3d 574, 581 (S.D.N.Y. 2014). The inability to carry a firearm, which applies to every convicted felon, would similarly render the legal consequence test superfluous if it were used to satisfy the third prong of the *coram nobis* test.

## VI. Conclusion.

In conclusion, for the reasons set forth above, the Petition is DENIED.


SO ORDERED.

Dated: New York, New York
       May 5, 2016

/s/ Kimba M. Wood
KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE